UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

LEE C. ROBERTS, III,

        Petitioner,

v.

ERICA HUSS,

        Respondent.

Case No. 2:19-cv-135

Honorable Janet T. Neff

_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

I.  Factual allegations

Petitioner Lee C. Roberts is incarcerated with the Michigan Department of Corrections (MDOC) at the Parnall Correctional Facility (SMT) in Jackson, Jackson County, Michigan. When Petitioner filed his habeas corpus petition, he was incarcerated with MDOC at Marquette Branch Prison (MSP), in Marquette, Marquette County, Michigan. Petitioner pleaded guilty in the Cass County Circuit Court to Controlled Substance--Possession of Methamphetamine. On May 11, 2018, the court sentenced Petitioner to a prison term of 36 to 180 months.

On June 7, 2019, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner signed his application on June 7, 2019. (Pet., ECF No. 1, PageID.13.) The petition was received by the Court on July 3, 2019. For purposes of this opinion, the Court has given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

The petition raises one ground for relief, as follows:

I.  Was the scoring of OV 19 wrong and should these guidelines now be corrected, and should Petitioner be re-sentenced to a reasonable and proportionate sentence utilizing his properly scored advisory sentence guidelines?

(Pet., ECF No. 1, PageID.5.)

II.  AEDPA standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'"

and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 574 U.S. 1, 4 (2014); *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013); *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012); *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37-38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

### III. Sentencing Scoring

Petitioner's claim centers on the sentencing court's failure to order an evidentiary hearing after he submitted an affidavit disputing allegations in his pre-sentence investigation report ("PSIR"). (Pet'r's Br., ECF No. 1-1, PageID.31.) Petitioner contends, "[w]hen faced with conflicting facts" between the PSIR and Petitioner's affidavit, the sentencing court "chose not to

4

resolve the question of fact by having an evidentiary hearing." (*Id.*) Petitioner's PSIR alleged "Roberts informed officers that nobody else would be located" in the residence. (PSIR, Agent's Description of the Offense, CFJ-284 at 3-4.) Petitioner argues the sentencing judge relied on this to assess 10 points on Offense Variable (OV) 19 for Petitioner's "interfere[nce] with or attempted [] interfere[nce] with the administration of justice." (*Id.*, PageID.30.) Mich. Comp. Laws § 777.49(c). Because of the 10-point increase, Plaintiff's minimum sentencing range increased from 10 to 28 months to 19 to 47 months. (*Id.*, PageID.32.)

Petitioner disputes the PSIR allegation that he lied to police when asked during his arrest whether anyone was in the house with him. (Aff. Supp. Pet'r's Br., ECF No. 1-2, PageID.45.) Both the PSIR and Petitioner agree that upon police handcuffing Petitioner, they asked him whether anyone was in the house with him. (Pet'r's Br., ECF No. 1-1, PageID.31.) Whereas the PSIR alleged Petitioner indicated nobody else was present, Petitioner alleges he "remain[ed] silent and did not answer the question." (*Id.*, PageID.31-32.) Thereafter, police found another individual in the residence. (*Id.*) Petitioner insists that he shook his head only after police found the other individual and an officer asked why Petitioner had not reported her presence in the residence. (*Id.*; Aff. Supp. Pet'r's Br., ECF No. 1-2, PageID.45.) Petitioner asserts that he shook his head "because [he] was so devastated" to return to jail. (Aff. Supp. Pet'r's Br., ECF No. 1-2, PageID.45.)

Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas

relief); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000); *Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003) (quoting *Pulley v. Harris*, 465 U.S. 37, 50 (1984)); *see also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). A sentencing court demonstrates actual reliance on misinformation when

the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 447.

Petitioner's sentence clearly is neither arbitrary nor shocking. Petitioner pleaded guilty to possession of a controlled substance–methamphetamine under Mich. Comp. Laws § 333.7403(2)(b)(i). (Pet., ECF No. 1, PageID.1.) Alone, this conviction is punishable by imprisonment of up to 10 years. *See* Mich. Comp. Laws § 333.7403(2)(b)(i). However, having been previously convicted of a felony, Petitioner's maximum possible penalty increased to 15 years. *See* Mich. Comp. Laws § 769.10. Petitioner's 36-month minimum sentence for his conviction falls well below the 15-year limit prescribed by the legislature.

Further, Petitioner has not demonstrated that the facts found by the court at sentencing were either materially false or based on false information. *Tucker*, 404 U.S. at 447. Instead, Petitioner argues only that the court could have reached a different decision on the facts before it provided by the PSIR and his affidavit. On habeas review, the state court's findings of fact are presumed to be correct, and Petitioner must overcome the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis*, 658 F.3d at 531. Petitioner's differing explanation falls well short of this standard. The state-court's rejection of Petitioner's claim was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d).

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a

"substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10, 15 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490, 492 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claim under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full

merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claim was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

Moreover, although I concluded that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, I do not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962)

The Court will enter a judgment and order consistent with this opinion.

Dated: October 21, 2019  /s/ Janet T. Neff
Janet T. Neff
United States District Judge